THE NEW YORK CABLE RAILWAY COMPANY, Appellant, *against* THE FORTY-SECOND STREET, MANHATTAN AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Respondent.

(Decided March 13th, 1885).

Under the provisions of the Rapid Transit Act (L. 1875 c. 606), the location, by the Rapid Transit Commissioners, of the routes projected by a company chartered under the act to operate a railroad in the streets of the City of New York, so long as the company has not obtained the consent of the property owners or of the local authorities, or the determination of commissioners appointed by the Supreme Court, that the railroad ought to be constructed, required by the act, does not confer upon the company any right in such streets which would entitle it to an injunction against the construction of another railroad therein.

The requirement of the act, that the Rapid Transit Commissioners shall fix the time within which such railroad shall be constructed, is not com-

plied with by their designating a certain period of time after the consents required by the act shall have been obtained.

APPEAL from an order of this court denying a motion to continue a preliminary injunction.

The facts are stated in the following opinion rendered at the Special Term, September 29th, 1884, upon the motion by plaintiff to continue the preliminary injunction previously granted.

J. F. DALY, J.—The plaintiff is a railroad company chartered under the provisions of the Rapid Transit Act (L. 1875 c. 606), to operate a railroad through certain streets of the City of New York, by steam power, according to what is called the " cable " system. The routes of the plaintiff, as laid out by the Rapid Transit Commissioners, are twenty-nine in number and embrace many miles of streets, among others a part of Forty-second Street and of the First Avenue, which is route No. 12. A preliminary injunction has been granted against the laying of the tracks by defendants through Forty-second Street and the First Avenue under authority derived from the act of 1884, and the plaintiff moves for a continuance of the injunction.

The plaintiff claims the exclusive right to construct a surface railroad upon the disputed street and avenue by virtue of the provisions of the aforesaid act of 1875. By the 4th section of that act the commissioners have "exclusive power to locate the route or routes," but such power is subject to the condition that the consent of the owners of one half in value of the property on the street and the consent of the local authorities " be first obtained," and failing that, that commissioners appointed by the Supreme Court, after a hearing of all parties interested, shall determine that the railroad ought to be constructed and their determination be confirmed by the court.

The routes of the plaintiff through the streets of the city have been located by the Rapid Transit Commission, but

the railway has not been constructed, nor has the plaintiff obtained the consent of the property owners or of the local authorities, or the determination of commissioners appointed by the Supreme Court. These are indispensable to any claim of right in the streets, exclusive or otherwise. The power of the commissioners under the act of 1875 to locate exclusive routes is dependent upon them. The authority conferred by the act of the legislature is merely the consent of the public (*Matter of New York Elevated R. R. Co.*, 3 Abb. N. C. 426), and by the terms of the act, the public consent is conditioned upon the ability to obtain the consent of the property owners and the local authorities, or failing these, the approval of the Supreme Court. The public consent and the other permission must concur to give any right. One without the other is wholly ineffectual, and leaves the plaintiff without any authority to construct its railroad. This is pointed out in one of the opinions of counsel on which plaintiff relies. A full compliance with the act of 1875 is necessary before any right attaches. The mere intention of applying for the consent of the property owners and local authorities in the hope or expectation of obtaining them, gives no right; and this is all that plaintiff has at present (*Houston, W. St. & P. F. R. R. Co.* v. *Forty-second Street R. R. Co.*, per VAN BRUNT, J., September, 1884). It is not necessary to discuss the question whether the consents of the property holders to any proposed route must first be obtained before the commissioners have power to locate, according to the letter of the act. It is a reasonable construction that the company organized under the act may apply for the consent to routes previously fixed by the commissioners, but it is certain that such consent must first be obtained before the location by the commissioners operates in any manner to confer any right, inchoate or other.

There seems to be a failure to comply with the act of 1875 on the plaintiff's part, in another particular. The Rapid Transit Commissioners are required to fix and determine the time within which the plaintiff's railway, or a portion of it, shall be constructed and ready for operation. The

commissioners have designated as such time (as stated in plaintiff's brief), eighteen months after the consents specified in the fourth section of the act have been obtained. As those consents depend upon the will of the property owners and of the local authorities, and as the approval of the Supreme Court rests in its discretion after the commissioners appointed by it have exercised theirs, the time allowed the company is wholly indefinite and uncertain, notwithstanding the clear enactment that it should be a fixed time. Plaintiff claims that the courts will aid in determining the time by declaring what is a reasonable period to be allowed the company to obtain the consents, and that the eighteen months will run from the expiration of such reasonable time. But this construction of the act leaves it to the court, and not to the commissioners, to fix the period; and the positive enactment is that such determination is to be made by the latter. The legislature really intended that those officers should consider all the circumstances, pass upon the question of reasonable time, and leave nothing uncertain about the period fixed. There is no authority for a resort to the courts to determine the question. As the case stands, the fixed period intended by the act fluctuates anywhere between eighteen months and a time which some other authority may at some indefinite period decide to be proper to allow the company.

These objections I believe to be too serious to warrant me in continuing the plaintiff's injunction. It is therefore dissolved, with $10 costs.

From the order entered upon this decision, plaintiff appealed.

*C. P. Shaw*, for appellant.

*Wm. C. Trull*, for respondent.

VAN HOESEN, J.—We think that the order appealed from should be affirmed, for the reasons given by the judge

at Special Term, as well as for other reasons that may be given hereafter.

LARREMORE and ALLEN, JJ., concurred.

Order affirmed, with costs and disbursements.