FORTY-SECOND ST., M. & ST. N. AVE. R. CO. v. CANTOR, President, et al.

(Supreme Court, Appellate Division, First Department. May 12, 1905.)

1. STREET RAILROADS—CHANGE OF LINE—ABANDONMENT.
    The action of the Forty-Second Street Railroad Company in constructing its road on the Boulevard in New York City under Laws 1884, p. 309, c. 252, did not amount to an abandonment of the Amsterdam avenue route.

**2. SAME—ABANDONMENT OF LINE.**

> The fact that the Forty-Second Street Railroad Company during a portion of the year 1902 and up to April 16, 1903, operated only one car a day over its tracks on Amsterdam avenue, and that there were days in times of snowfall when no car was operated, did not show an abandonment of the route, so as to give the city the right to remove the tracks.

> Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Suit by the Forty-Second Street, etc., Railroad Company against Jacob A. Cantor, as president of the borough of Manhattan, and another. From a decree granting insufficient relief, complainant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. H. Joline, for appellant.

T. Connoly, for respondents.

PATTERSON, J.   The plaintiff sought by this action to restrain the defendants from removing its railway tracks upon Tenth or Amsterdam avenue, and from Manhattan street in the borough of Manhattan in the city of New York. The court at Special Term granted the relief sought as to the tracks on Manhattan street, but denied it and dismissed the complaint on the merits as to those on Amsterdam avenue. The allegations of the complaint are: That the plaintiff is a corporation organized and existing under and by virtue of the laws of the state of New York, and that the defendant Cantor is president of the borough of Manhattan, and defendant the city of New York is a municipal corporation. That the plaintiff was incorporated on the 20th day of December, 1877, under legislative authority, and that it acquired the rights and franchises which had been granted to certain individuals under an act of the Legislature passed in 1873, authorizing the laying of rails and the running of cars thereon for the transportation of passengers in certain streets and avenues of the city of New York, among which were the following: "Commencing at Manhattan street, North river, through and along Manhattan street with double tracks to St. Nicholas avenue. * * *" Also "from Manhattan street through, along, and upon Tenth (Amsterdam) avenue as soon as the said avenue is regulated and graded, with double tracks to Forty-Second street." That by virtue of the acts of the Legislature referred to the right was given to construct, operate, and use railways upon Manhattan street and Tenth (Amsterdam) avenue, and that the plaintiff's rights, powers, privileges, and franchises in that behalf have never been impaired, diminished, or in any wise affected by any legislative grant or act or in any other manner. That the plaintiff, in January, 1882, commenced the construction of a double-track line of railway upon Manhattan street at the North river, running from thence to Tenth (Amsterdam) avenue, and thereafter completed the same, and has since continuously operated, maintained, and used the same for the purpose of transportation

of passengers except during the time when the property of the plaintiff was in the hands of a receiver. That on or about the 1st of January, 1890, the plaintiff commenced the construction of a double-track line of railway upon Tenth (Amsterdam) avenue running from Manhattan street to Forty-Second street on said Tenth (Amsterdam) avenue, and thereafter completed the same, and has since continuously operated, maintained, and used the same for the transportation of passengers except during the time when the property of the plaintiff was in the hands of the receiver. That such receiver was appointed in March, 1901, and entered into possession and remained in possession and operated the plaintiff's lines of railway until the 12th day of April, 1901, when such proceedings were had that under orders of the court the receiver turned over possession to the plaintiff herein; and the plaintiff has continuously remained in possession and operated the line of railway ever since. It is then alleged in the complaint that on or about the 11th of June, 1902, the defendant Cantor, president of the borough of Manhattan, served upon the president of the plaintiff a notice in the following words:

"So many complaints have reached me with reference to the outside or unused horse car tracks on Amsterdam avenue between Broadway and Manhattan street, and on Manhattan street between Amsterdam avenue and the Hudson river, and their continuing there being of no service to the public, you are therefore hereby notified that the said tracks must be removed without delay from the avenues so indicated, and upon your failure, within thirty days from the receipt of this notice, to begin and diligently prosecute the said work, this department will undertake the removal of said tracks, and will charge the expense of the same to your company."

It is then further alleged in the complaint that the defendant Cantor, as president of the borough of Manhattan, and the city of New York, have not the legal right or authority to remove or cause to be removed the tracks mentioned in said letter, nor the legal right or authority to interfere with or cause to be interfered with the said tracks mentioned in said letter; that the said tracks and franchises over the streets and avenues mentioned in said letter are valuable assets of the plaintiff, and are in daily operation and use by the plaintiff, and the rights, privileges, and franchises over these streets and avenues have been mortgaged to secure issues of bonds. It is further alleged that during all the time since the construction of the tracks on Amsterdam avenue and Manhattan street the plaintiff has operated the same in accordance with the requirements of its charter and franchise, and that the carrying out of the threat mentioned in the letter of the president of the borough of Manhattan would be an illegal act, and without warrant of law, and would prejudice and impair the security of the bondholders secured by the mortgages, and diminish and impair the franchise granted to plaintiff, and constitute a destruction of property, which will be unwarranted in law. An injunction was prayed for to restrain the defendants and those acting under them from removing or attempting to remove or from interfering with the tracks of the plaintiff on Amsterdam avenue and Manhattan street.

The answer of the defendants contains denials of some of the

allegations of the complaint and admissions of others, and then sets up that the plaintiff is maintaining in the streets of New York, more particularly on Amsterdam avenue and on Manhattan street, and refuses to remove the same, although ordered to do so by the president of the borough of Manhattan, two railroad tracks, which are the property of the plaintiff, "which have been abandoned by said plaintiff, and are not now, and have not for two years or more last past, been used in the operation of the street railroad for the carrying thereon of passengers for compensation, as provided in chapter 825, p. 1238, of the Laws of 1873, to which reference is made by the plaintiff in his complaint"; that the two railroad tracks aforesaid subserve no public good, and are a useless and dangerous obstruction to the streets, and an unnecessary interference with traffic thereon, and a public nuisance; that the defendant Cantor, in the discharge of his duties as president of the borough of Manhattan, is required and obliged to remove such tracks as obstructions to travel or traffic in the city streets and as a nuisance to the public.

On the trial of the action at Special Term the court made no finding with respect to the character, condition, or situation of the plaintiff's tracks on Amsterdam avenue and Manhattan street. The findings of fact made are that the plaintiff is a street railroad corporation existing under the laws of the state of New York; that the defendant Cantor at the time of the commencement of the action was president of the borough of Manhattan, and that the defendant the city of New York is a municipal corporation; that the plaintiff, prior to the time of the commencement of the action, had constructed a street railway in the following streets in the borough of Manhattan, viz., on Amsterdam avenue from Forty-Second street to Manhattan street, and on Manhattan street from Amsterdam avenue to the North river; and one additional finding as follows:

"That the plaintiff has not since April 12, 1901, operated more than one car per day on its tracks in Amsterdam avenue between Forty-Second street and Manhattan street; that such cars carried no passengers; and that in times of snowfall the running of said cars was suspended for from two to five days at a time, during which periods the snow and ice were not removed from said tracks."

As conclusions of law the court found the following:

"That the plaintiff at the time of the commencement of this action had practically abandoned its tracks on Amsterdam avenue between Forty-Second street and Manhattan street, and therefore comes into court under circumstances which do not entitle it to the protection of a court of equity as to that portion of its tracks."

As a further conclusion of law it was determined that the defendants had not shown any act of the plaintiff which would justify the removal of the tracks on Manhattan street between Amsterdam avenue and the North river, and that the plaintiff was entitled to the relief demanded for such portion of its tracks, and as to such tracks judgment was directed accordingly. The judgment, as before stated, also directs that the complaint be dismissed on the merits as to the tracks on Amsterdam avenue. The plaintiff ap-

peals from so much of the judgment as relates to the tracks upon Amsterdam avenue. The defendants have not appealed.

The conclusion of law that the plaintiff is entitled to the relief demanded for the portion of its tracks on Manhattan street amounts to an adjudication that the plaintiff had the right to construct and operate its railroad on Manhattan street. The authority for the plaintiff to lay tracks and operate its line of railway upon Amsterdam avenue is conferred in the same way and at the same time as that given with respect to Manhattan street. We do not consider it, as the case now comes before us, necessary to advert particularly to the original construction of this road on Amsterdam avenue. That the plaintiff had the right to maintain it there has been determined many times at the Special Term. The cases in which it was so decided are not reported elsewhere than in the New York Daily Register. They are Smith v. 42nd, etc., R. R. Co. (1884); Allen v. Same (1884); N. Y. Cable Co. v. Same (1884); Eidlitz v. Same (1885); People v. Newton (1888); Society of N. Y. Hospital v. Newton (1891); Peters v. Newton (1891); Ninth Ave. R. R. v. Newton (1888); People v. Gilroy (1888). Nor do we consider it necessary at this time to pass upon the subject of the actual condition of the rails of the plaintiff's railway on Tenth (Amsterdam) avenue as constituting a nuisance which the plaintiff might be compelled to remove, or, in default of its so doing, which the city might remove under power conferred by law. As said before, the justice at Special Term made no finding upon that subject. The proof introduced by the defendants relating to it is addressed to the proposition that the plaintiff neglected to repair its tracks on Asterdam avenue, and make them conform to the grade established by the city, and that, therefore, a nuisance was created, which the city has a right to remove. We do not question the right of the city in a proper case to require such removal, but there is here a controverted question of fact with respect to the establishment of the grade on Tenth (Amsterdam) avenue and the laying of the plaintiff's tracks on the grade established by the city at the time such tracks were laid. The action of the president of the borough was not taken upon the theory of the existence of a nuisance, and no demand was made that the plaintiff either repair the street or restore it to grade. By the notice which was served by the president of the borough of Manhattan on the plaintiff it was required to remove without delay its rails from Amsterdam avenue and Manhattan street, and what induced that notice was, according to the statement contained therein, that many complaints had reached the borough president with respect to the outside or unused horse car tracks on the avenue and street, and that their continuance there was of no service to the public.

In the manner in which this case comes before us on the only findings of fact made, and the decision of the court below being put expressly on the ground (and no other) that the plaintiff had abandoned the operation of its road on Amsterdam avenue, we deem it proper to confine ourselves in the decision of this appeal to the consideration of that subject only. Whatever right the city may have

to abate a nuisance, and whatever remedy may be open to it, are matters which must be left for future consideration. We do not feel called upon to decide now anything as to such matters, as they were not passed upon by the court below, and we are not satisfied that upon this record we can fully and definitely dispose of them.

The finding of the learned trial justice is that the plaintiff practically abandoned its tracks on Amsterdam avenue. There is no express finding of an actual abandonment, but we will assume that it was the intention of the court to find that there was an actual abandonment of the tracks by nonuser. There are two aspects in which this subject may be presented. In the first place, an abandonment is claimed by reason of an attempted change of route of the line of the plaintiff's railway from Amsterdam avenue to the Boulevard. The facts in connection with the attempted change appear in the record to be the following: The plaintiff was incorporated under the general railroad act of 1850 (page 211, c. 140). In 1876 an act was passed amending the general railroad act (chapter 77, p. 60, Laws 1876), and by that amendment, which was of section 23 of the general act, it was provided that the directors of every company formed under the act may, by a vote of two-thirds of their number, at any time alter or change the route, or any part of the route, or its termini, or locate the said route, or any part thereof, or its termini, in any county named, etc., on certain conditions. The plaintiff endeavored to take advantage of this provision of law, and procured permission from the common council of the city of New York, represented by the board of aldermen, to make the change. It constructed tracks on the Boulevard in 1886 and 1887, but, so far as we can ascertain from the record, it did not construct them on Amsterdam avenue until a later date. It had been held that the attempted extension of the plaintiff's route under chapter 77, p. 60, of the Laws of 1876, was illegal and void (Webb v. 42nd St. R. R., not reported), and it was also held that the construction of the road on the Boulevard did not amount to an abandonment of the plaintiff's rights on Tenth (Amsterdam) avenue (People v. Newton and Ninth Ave. R. R. v. 42nd Street R. R., not reported). An act was passed by the Legislature (chapter 252, p. 309, of the Laws of 1884) which authorized street railway corporations to extend their routes under certain terms and conditions, and the plaintiff's construction of the road on the Boulevard was made after the passage of that act, and, as the plaintiff claims, under its authority. In the case of the Ninth Ave. R. R. v. 42nd St. R. R., which was decided in 1888, the court at Special Term held that there was not an abandonment of the Amsterdam avenue route by reason of any acts done by this plaintiff under the act of 1884, and we see no reason for differing with the conclusions of the justice at Special Term in that regard. Under the circumstances we do not construe the action of the directors of the plaintiff as indicating an absolute intention to abandon the Amsterdam avenue route. That they did not, as matter of fact, abandon it (if at all) up to the year 1900, is clear. There was no abandonment in law, and certainly there was none, actually or practically, as matter of

fact, until the year 1900, if then. We are thus led to the consideration of proof in the record as to what was done by the plaintiff with respect to the running of cars on Amsterdam avenue from the time its line was constructed and put in operation on that avenue. There does not seem to be any doubt that the line was in full operation on that avenue until it was placed in the hands of a receiver, which was in March, 1901, and the receivership continued for about a year. It appears in evidence that in 1901 35 cars a day were run by the plaintiff on its tracks on Amsterdam avenue, but for a portion of 1902 there was only one car operated a day, and in case of snowstorms there were days when no car was operated, and that condition continued until the trial of this action, which was on the 16th day of April, 1903. Those facts are relied upon as evidence of a practical abandonment of the use of the plaintiff's tracks on Amsterdam avenue, and it is upon them that the court below has held that the plaintiff is entitled to no relief in equity in this action as to such tracks.

It appears in the record that the plaintiff undertook at one time to change its motive power to a sub-electric trolley system. It was interrupted in so doing by the provision of chapter 371, p. 814, of the Laws of 1899, which provided that it shall not be lawful to operate upon Amsterdam avenue, between 72nd street and 125th street, in the borough of Manhattan, in the city of New York, any street surface railroad upon the road or tracks of any street surface railroad company by any motive power other than horse power, unless the tracks or rails upon which said road is or shall be operated are so located in said avenue that they shall be at all points at least 20 feet distant from the nearest curb line of said avenue. The plaintiff could not complete its intended change of motive power under that situation, and it ran one car a day over the Amsterdam avenue route, thus indicating that it was not its intention to abandon the use of the tracks. That act is indicative of its purpose of maintaining its right. It was not to acquire a right. It was not a pretext to evade conditions upon which a franchise was granted, but to show that it intended to retain a right which it already possessed. It is said, however, that the plaintiff was required by the law to run its cars upon Amsterdam avenue as often as the public convenience demanded, but there is nothing in this record to indicate that the public convenience was in any way affected by the action of the plaintiff. Not a witness testifies to anything bearing upon the subject. The Ninth avenue system of electric cars is operated on Amsterdam avenue, and there is nothing to show that during the period in which the plaintiff ran but one car a day on that avenue all the demands of the public were not fully met by the service afforded by the Ninth avenue road. We think that the proof was inadequate to show an abandonment by the plaintiff of its tracks. The effect of denying it relief is to deprive it of the benefit of its franchise; and very much stronger evidence should be required to effect that object than that which appears now before us, even if the court had power in such an action as this so to deprive it.

We therefore conclude that the judgment should be reversed, and

the cause remitted to the Special Term for a new trial, in order
that the whole case may be presented upon proper and sufficient
findings of fact and conclusions of law, with costs to the appellant
to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J.   I concur in the result.   I do .not think that
the defendant had any power whatever to determine whether or
not there had been an abandonment by the plaintiff of any part of
its franchise.   That question rests between the state and the plain-
tiff.

INGRAHAM, J.   I dissent.   As I understand the rule, we are
justified in assuming any fact which is supported by the evidence
upon which there is no finding by the court so as to support the
judgment.   It is undisputed that these rails in Amsterdam avenue
are not used by the plaintiff, except that an occasional horse
car is run on them.   Nor does the plaintiff pretend that it intends
to use them.   They are an incumbrance in the street, are an injury
to the public, and are of no possible benefit to the defendants.
Whether a court of equity will issue an injunction is generally a
question addressed to the sound discretion of the court, and I do
not think, under the circumstances disclosed in this case, the court
was bound to restrain the defendants from removing the rails which
were not used by the plaintiff, and which the plaintiff did not in-
tend to use.