(68 Misc. Rep. 176.)

### CITY OF NEW YORK v. MONTAGUE et al.

(Supreme Court, Special Term, New York County. June, 1910.)

1. STREET RAILROADS (§ 24*)—FRANCHISES—POWER OF REVOCATION.

Each The franchise to operate a street railroad springs from the state, and not from the city where its lines lie, though it is essential that the consent of the municipal authorities should be secured, and hence the right to revoke the franchise rests in the state, and the municipality cannot move to compel a removal of such a company's tracks on the ground that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

they constitute a nuisance, not from operation in a manner not authorized by the grant, but for mere nonuser.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 50; Dec. Dig. § 24.*]

2. MUNICIPAL CORPORATIONS (§ 661*)—CONTROL OVER STREET.

The control which a municipality exercises over the public streets is in trust for the state, and not as a corporate or municipal property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1432–1437; Dec. Dig. § 661.*]

Action by the City of New York against Gilbert H. Montague, as receiver of the Fulton Street Railroad Company, and others. On demurrer to the complaint. Demurrer sustained.

Archibald R. Watson, Corp. Counsel, for plaintiff.

Paris S. Russell, for defendant Gilbert H. Montague, as receiver of Fulton Street Railroad Company.

Gardner, Van Amringe & Kohler, for defendants Alex. Smith Cochran and other bondholders.

ERLANGER, J. The city brings this action to compel the removal of the tracks of the Fulton Street Railroad Company, which company was authorized to operate a street surface railroad along Fulton street to West street and through other public places. The grant or franchise was originally acquired by the North & East River Railway Company, and subsequently transferred to the Fulton Street Railroad Company, of which the defendant Montague was appointed the receiver. The basis of the action is that no cars have been operated since on or about June 1, 1908, and that the tracks and rails are worn, defective, old, and uneven, constituting a nuisance and continuing trespass. It is also alleged that the company is hopelessly insolvent, and has failed in its obligations to remove the snow from that portion of the street used for the operation of the road, and wholly failed to repair and repave the street between the tracks and two feet outside thereof, as it had obligated itself to do. The relief demanded is that the tracks be declared a nuisance and trespass, and the receiver required to remove the rails and restore the street to its original condition, and, on defendants' failure so to do, that plaintiff be authorized to procure such removal.

The principal question presented by the demurrer to the complaint is the right of the city to maintain this action. The right or franchise to operate a street railroad springs from the state. While it is essential that the consent of the municipal authorities should be secured, this fact in no way impairs the principle that the grant proceeds from the state. It is but a step in the grant of a single indivisible franchise. The consent of the municipal authorities is not the grant of an independent franchise. City of New York v. Bryan, 196 N. Y. 158, 89 N. E. 467; Beekman v. Third Ave. R. R. Co., 153 N. Y. 144, 47 N. E. 277. The control which the municipality exercises over the public streets is in trust for the state, and not as a corporate or municipal property. People v. Kerr, 27 N. Y. 188. The right, therefore, to revoke the franchise, must rest in the state as the sovereign from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whence it sprang. The city by this action seeks to tear up the tracks, which directly presents the question of the forfeiture of the franchise. Forty-Second. St. R. Co. v. Cantor, 104 App. Div. 476, 93 N. Y. Supp. 943. To term it a nuisance or continuing trespass is but a phrase. The purpose sought to be accomplished by this suit is to destroy the franchise by a decree of forfeiture. Besides, an act authorized by the Legislature or the state cannot be a nuisance or trespass. The municipality cannot nullify the franchise by a claim that it is a public nuisance. Undoubtedly, if the franchise were operated in a manner not authorized by the grant and in a way to constitute a nuisance to the special injury of the municipality, the city could prevent such improper methods or recover the damages it sustained. No such claim is made here, for the complaint alleges that no cars have been operated since June, 1908. In the last analysis, therefore, the city seeks by this action to have declared a forfeiture of the franchise for nonuser. This right the plaintiff does not possess.

Demurrer sustained, with costs.