CITY OF NEW YORK v. MONTAGUE et al.

.(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. STREET RAILROADS (§ 61*)—FRANCHISES—ACTIONS TO FORFEIT—PARTIES.

An action to forfeit a street railway franchise for nonuser can be brought only by the people, acting through the Attorney General.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 54; Dec. Dig. § 61.*]

2. MUNICIPAL CORPORATIONS (§ 623*)—PUBLIC NUISANCES—ABATEMENT—ACTIONS.

A city may sue to abate a public nuisance, though it has the right to abate it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1371–1374; Dec. Dig. § 623.*]

3. STREET RAILROADS (§ 44*)—NUISANCES—ABATEMENT—ACTIONS.

Railroad Law (Consol. Laws 1910, c. 49) § 96, empowering a city granting a street railroad franchise to repair the streets and charge the cost thereof to the company, is not exclusive, and does not prevent a city from suing to abate a nuisance created by worn and defective rails in the streets, constituting dangerous obstructions.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 93–95; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. STREET RAILROADS (§ 57*)—NUISANCE—ABATEMENT—FORFEITURE OF FRAN-
CHISE.

An action by a city against a street railway company for the removal of worn and defective rails, creating a nuisance, because dangerous obstructions in the streets, does not involve an adjudication forfeiting the franchise of the company for nonuser; the claim of nuisance not resting on the mere nonuser of the franchise.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 57.*]

5. STREET RAILROADS (§ 44*)—FRANCHISES—NUISANCE.

A corporation, having a franchise to construct, maintain, and operate a railroad in the streets of a city, may not maintain a nuisance in the streets to preserve the franchise.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 93–95; Dec. Dig. § 44.*]

6. STREET RAILROADS (§ 57*)—NUISANCES—ACTIONS—PARTIES.

Where a receiver of a street railroad company, appointed in an action to foreclose a mortgage on the property of the company, maintains a nuisance in the streets, resulting from worn and defective rails, constituting dangerous obstructions in the streets, in an action by the city to abate the nuisance, the receiver is the only necessary party, though the company is a proper party.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 57.*]

7. STREET RAILROADS (§ 57*)—NUISANCES—ABATEMENT—ACTIONS—REMEDY.

Where, in a suit by a city against a street railway company and its receiver for the abatement of a nuisance, caused by the worn and defective rails in the streets, the facts showed that the receiver held possession pending a foreclosure action against the company, and that he had no funds with which to remove the rails. or to replace them with new ones, the court could order him to surrender possession to the city to enable it to remove the rails, and the mere fact of the appointment of the receiver did not prevent the action and the award of proper relief.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 57.*]

Appeal from Special Term, New York County.

Action by the City of New York against Gilbert H. Montague, as receiver of the Fulton Street Railroad Company, and others. From the judgment (68 Misc. Rep. 176, 124 N. Y. Supp. 959), sustaining a demurrer to the complaint and dismissing the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Terence Farley, for appellant.
Gilbert H. Montague, as receiver, pro se.
Edgar J. Kohler, for respondents.

MILLER, J.   The demurrer is for insufficiency, defect of parties defendant, and want of capacity to sue. The action was brought against the receiver of the Fulton Street Railroad Company. Certain bondholders were allowed to intervene.

[1] The demurrer was sustained at Special Term, on the ground that the action was one to declare a franchise forfeited for nonuser, and could only be brought by the people acting through the Attorney General. If that view of the complaint be correct, the demurrer was properly sustained. City v. Bryan, 196 N. Y. 158, 89 N. E. 467. But

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an examination of the complaint shows that the action is one to enjoin the maintenance of a nuisance.

It is alleged that the North & East River Railway Company was organized on July 13, 1886, and that it acquired by purchase at auction, pursuant to chapter 252 of the Laws of 1884, the privilege to construct, maintain, and operate a street railroad on Fulton street and other public places in the borough of Manhattan; that about the year 1887, pursuant thereto, it constructed a double line of street surface railroad; that in 1896 its property rights, privileges, and franchises were transferred to the Fulton Street Railroad Company, and that the latter operated horse cars over the tracks constructed in Fulton street and other streets as aforesaid up to June 1, 1908; that on July 15, 1908, in an action entitled "Guaranty Trust Company v. Fulton Street Railroad Company," the defendant Montague was appointed receiver of the Fulton Street Railroad Company, and took control and possession, and has since been in control and possession, of said railroad and appurtenances; that the pavement between the tracks and within a space of two feet outside of the tracks, the tracks, and the rails have become old, defective, worn, and uneven, so as to constitute an obstruction and a nuisance in the said streets, from which accidents are likely to happen to persons using the streets; that the said North & East River Railway Company and its successor, the Fulton Street Railroad Company, and said defendant Montague, have failed and neglected and refused to make any repairs or repavement whatever in said streets; that the plaintiff desires to lay a new and suitable pavement in the streets, but is prevented from so doing by the uneven, defective, and irregular rails of the said railroad tracks. It is also alleged that the said Fulton Street Railroad Company is insolvent, and that the said defendant Montague has no assets in his hands from which to pay any claim of the plaintiff for repairs, or any judgment that might be recovered. There are other allegations in the complaint, which bear upon the right in a proper action to have the franchise declared forfeited for nonuser. But the city now disclaims any purpose to obtain such relief in this action, and it is plain that no such relief can be obtained herein.

[2] The right of the city to maintain an action to abate a public nuisance is too well settled to require the citation of authorities; but see City of New York v. Rice, 198 N. Y. 124, 91 N. E. 283, 28 L. R. A. (N. S.) 375. The mere fact that the city might have the right to abate the nuisance does not prevent it from applying to a court of equity to have the question as to the existence of a nuisance determined and appropriate relief awarded.

[3] Nor is it a defense to this action that the city might have the right under the statute (section 96, Railroad Law [Consol. Laws 1909, c. 39; Consol Laws 1910, c. 49]) to repair or repave the streets and charge the cost thereof to the railroad company. There is nothing in that statute which makes that remedy exclusive.

[4] In this case it is alleged that the rails are so defective as to constitute a dangerous obstruction in the streets, and to prevent the city from repaving or repairing the streets, without tearing up the

rails. The worn and defective rails in the streets constitute the nuisance complained of, and an adjudication that they are a nuisance, coupled with some provision for their removal, will in no way involve an adjudication forfeiting the franchise for nonuser.

[5] A railroad corporation, having the special privilege of constructing, maintaining, and operating its railroad in the streets of a city, does not thereby acquire the right to maintain a nuisance in the streets, and it has no right to maintain a nuisance for the purpose of preserving a franchise. An adjudication requiring the removal of the rails would still leave the owners of the franchise free to replace the old rails with new, and to operate the railroad. If the claim of nuisance rested upon the mere nonuser of the franchise, a different question would be presented.

[6] Only one question remains to be considered; i. e., was the said Fulton Street Railroad Company a necessary party defendant? It was stated on argument that the appellant Montague was appointed receiver in an action to foreclose a mortgage. That fact is not alleged in the complaint; but, even if it be assumed to be the fact, the receiver is the one who is at present maintaining the nuisance, although he is a mere custodian, and does not hold title. Certainly the railroad company, from whose possession the property has been taken, is not now maintaining a nuisance, and, if sued to abate the nuisance, it probably would say that it could not interfere with the possession of an officer of the court.

[7] When the facts are established on the trial, the court may adapt the relief to those facts. If it appears that the said defendant is merely holding possession pending the determination of an action, and that he has no funds with which to remove the rails, or to replace them with new ones, the court will probably not order him to do that out of his own pocket. The court can at least determine whether the tracks constitute a nuisance, and, if the receiver has no means with which to remove them, it may order him to surrender possession to the city, so that the latter may do so. Doubtless the railroad company was a proper party defendant; but the only necessary party defendant in an action for the abatement of a nuisance is the one actually maintaining it.

If it is true that the railroad company had no property but its disused tracks and its franchise, it is not easy to perceive why a receiver was appointed in mortgage foreclosure proceedings, unless possibly to forestall such an action as this. If the contention of the respondent be sound, that would certainly be an ingenious way to accomplish that result.

The judgment and order should be reversed, with costs, and the demurrer should be overruled, with costs, with leave to the defendants to withdraw the demurrer and answer, upon payment of costs in this court and in the court below. All concur.