CITY OF NEW YORK v. MONTAGUE et al.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

NUISANCE (§ 30*)—JUDGMENT (§ 233*)—ABATEMENT OF NUISANCE—PARTIES—POWER OF COURT.

    In a suit by a city against the receivers of two street railway companies to abate a nuisance, the bondholders of one of the companies, permitted to intervene on behalf of themselves and other bondholders, may set up a defense and counterclaim to obtain an adjudication of the issue of the primary duty, as between the receivers, to abate the nuisance and pay the expense thereof, though the court, under Code Civ. Proc. § 521, may direct judgment for the city in advance of a trial of the issue raised thereby.

    [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 69–71; Dec. Dig. § 30;* Judgment, Cent. Dig. § 412; Dec. Dig. § 233.*]

Appeal from Special Term, New York County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 130 App. Div. 791, 115 N. Y. Supp. 410; 145 App. Div. 172, 129 N. Y. Supp. 1084; 131 N. Y. Supp. 1122; 134 N. Y. Supp. 89.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Edgar J. Kohler (Alfred A. Gardner, on the brief), for appellants.
Alfred Ely, Jr. (Arthur H. Masten, William M. Coleman, and Frederick W. Kobbe, on the brief), for respondents.
Terence Farley, for City of New York.

LAUGHLIN, J.   This action was brought by the city against the receiver of the Fulton Street Railroad Company, the receivers of the Metropolitan Street Railway Company, and other street railway companies to abate a nuisance.  The appellants are bondholders of the Fulton Street Railroad Company.  They were permitted to intervene, in behalf of themselves and all other bondholders of said company similarly situated.  Their first pleading was a demurrer, and their demurrer and a demurrer interposed by the receiver of the Fulton Street Railroad Company were argued together, and were sustained at Special Term, but were overruled on an appeal to this court.  City of New York v. Montague, 145 App. Div. 172, 129 N. Y. Supp. 1084. Pursuant to leave given by this court, the appellants withdrew their demurrer and answered, and served their answer on the receivers of the Metropolitan Street Railway Company, as well as on the plaintiff. The receivers of the Metropolitan Street Railway Company thereupon moved to strike out all of that part of the answer pleaded as a separate defense and counterclaim, thus leaving it consisting merely of admissions and denials.

The facts pleaded in the separate defense and counterclaim are evidently alleged for the purpose of obtaining an adjudication with respect to the primary duty as between the receivers of the Metropolitan Street Railway Company and the receiver of the Fulton Street Railroad Company to abate the nuisance and for the expense of abating it; it being contended in behalf of the appellants, on the facts alleged, that the primary duty rests upon the receivers of the Metropolitan Street Railway Company, who are operating the railroad under a track agreement between the Metropolitan Street Railway Company and the Fulton Street Railroad Company, which is the owner of the franchise.  The agreement was in writing, and bears date the 19th day of February, 1896, and is made part of and annexed to the answer.  The city is indifferent to the controversy presented by the motion to strike out the part of the pleading; but its counsel urges that the abatement of the nuisance should not be delayed by the controversy between the defendants.

It was suggested by this court, on the appeal from the decision on the demurrers, that the trial court may decide that the nuisance should be abated by reconstructing the railroad track, the condition of which it is alleged causes the nuisance, instead of removing it.  The learned counsel for the respondents contend that the answer presents a new issue not germane to the cause of action alleged in the complaint, and

that the city should not be delayed in abating the nuisance by a litigation between these defendants for a decision of the question as to which of them is primarily liable for the expense of abating the nuisance. The right of the appellants to appear in the action is not, and cannot now, be questioned. They are properly before the court as parties defendant. The suit being of an equitable nature, the court may determine, as between the receiver of the Fulton Street Railroad Company and the receivers of the Metropolitan Street Railway Company, which should be required to abate the nuisance, or, if both are required to abate it, so far as the city is concerned, upon which rests the primary duty and the obligation to reimburse the other, if such obligation should be found to exist. See C. C. P. § 521; City of New York v. U. S. Trust Co., 116 App. Div. 349, 101 N. Y. Supp. 574; Metropolitan Trust Co. v. Tonawanda, 43 Hun, 521, affirmed 106 N. Y. 673, 13 N. E. 937; Kenney v. Apgar, 93 N. Y. 539. The decision of these questions need not be permitted, and should not be permitted, to materially delay the abatement of the nuisance, if one be found to exist; for the court is given authority to direct judgment for the relief to which the plaintiff may be entitled in advance of the trial and decision of the issues between the defendants. C. C. P. § 521. The pleading was therefore proper, and should not have been stricken out.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.

---

### CITY OF NEW YORK v. MONTAGUE et al.

(Supreme Court, Appellate Division, First Department.   March 8, 1912.)

APPEAL AND ERROR (§ 103*)—APPEALABLE ORDER.

An order denying a motion to vacate an order striking out a separate defense and counterclaim, and for a rehearing on additional papers of a former motion to strike, is appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 699–710; Dec. Dig. § 103.*]

Appeal from Special Term, New York County.

Action by the City of New York against Gilbert M. Montague, as receiver, and others. From an order denying motion to vacate an order, and for rehearing of a prior motion, Alexander S. Cochran and other defendants appeal. Affirmed.

See, also, 130 App. Div. 791, 115 N. Y. Supp. 410; 145 App. Div. 172, 129 N. Y. Supp. 1084; 131 N. Y. Supp. 1122; 134 N. Y. Supp. 87.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Edgar J. Kohler (Alfred A. Gardner, on the brief), for appellants.

Terence Farley, for respondent City of New York.

Alfred Ely, Jr. (Arthur H. Masten, William M. Coleman, and Frederick W. Kobbe, on the brief), for other respondents.